UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**PEDRO LUIS BAEZ-TORRES,**

Defendant.

**CRIMINAL NO. 13-702 (CCC)**

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José A. Ruíz-Santiago, Assistant United States Attorney, Chief, Criminal Division; Timothy Henwood, Assistant United States Attorney, Deputy Chief, White Collar Unit; Elba Gorbea, Assistant United States Attorney, White Collar Unit; defendant's counsel, Rubén Morales-Olivero, Esq.; and defendant Pedro Luis Baez-Torres, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1.   **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Indictment. Count One charges that from in or about April 2013 through in or about August 2013, the exact date of which is unknown, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Pedro Luis Baez-Torres, the defendant herein, did employ, use, persuade, induce, entice and coerce an approximately

fourteen (14) year-old female minor, identified as Jane Doe, to engage in sexually explicit conduct, namely the lascivious exhibition of the breast and genital areas, for the purpose of producing a visual depiction of such conduct, that is, images, using a Samsung cellular phone, model SGH-T999 and bearing serial number R21CC459Y2Z, manufactured in China, which had been mailed, shipped, and transported in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 2251(a).

2. **MAXIMUM PENALTIES**

The penalty for the offense charged in COUNT ONE of the Indictment is a term of imprisonment of not less than fifteen (15) years nor more than thirty (30) years; a fine of not more than two hundred fifty thousand dollars ($250,000.00) and a term of supervised release of any term of years not less than five (5), or life, in accordance with Title 18, United States Code, Section 3583(k).

3. **APPLICABILITY OF SENTENCING GUIDELINES**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges being aware that parole has been abolished and the imposition of a sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

The Court must further impose a mandatory special monetary assessment of one hundred dollars ($100.00) per count of conviction, which the defendant agrees to pay, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing

Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

### 6. RULE 11(e)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### 7. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of

defendant" in imposing sentence. Booker, 125 S.Ct. at 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE<br>Count One – Title 18, United States Code, Section 2251(a)<br>Production of Child Pornography | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2G2.1(a)] | 32 |
| Offense involved minor under 16 [U.S.S.G. §2G2.1(b)(1)(B)] | +2 |
| Pattern of activity involving prohibited sexual conduct [U.S.S.G. §4B1.5(b)(1)] | +5 |
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL<br>(Potential guideline range of imprisonment assuming a CHC I) | 36<br>188 – 235 months |

8. **SENTENCE RECOMMENDATION**

Even though the potential guideline range of imprisonment is between 188 – 235 months, assuming a criminal history category of I, the parties agree that a term of imprisonment of 180 months is sufficient but not greater than necessary. Therefore, the parties recommend a term of imprisonment of **180 months.**

9. **WAIVER OF APPEAL**

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions in this Plea Agreement.

10. **NO FURTHER DEPARTURES OR VARIANCE**

The United States and the defendant agree that no further departures or variance shall be sought

by the parties. Should either party request an additional departure or variance is shall constitute grounds for the other party to request a withdrawal from the terms of this plea agreement.

11. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with defendant's counsel, Rubén Morales-Olivero, Esq., and indicates that counsel has rendered effective legal assistance.

12. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's criminal history category.

13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**14. DISMISSAL OF REMAINING COUNT**

At sentencing, the United States shall request the dismissal of the remaining count (Count Two) of the Indictment.

**15. STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**16. LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

17. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

19. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

20. **FORFEITURE**

The defendant agrees to forfeit to the United States any and all materials or property used or intended to be used in accessing the child pornography material with intent to view. Such property includes, but is not limited to a Samsung cellular phone; model SGH-T999 and bearing serial number R21CC459Y2Z, manufactured in China, which was found in the defendant's possession on or about August 26, 2013.

21. **IMPACT UPON CONVICTION**

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender registration and Notification Act ("SORNA" or "the ACT"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at the Title 18, United States Code, Section 2250 and Title

42, United States Code, Section 16913. As a registered Sex Offender, defendant further understands that his status as a convicted Sex Offender, and related information, will be made public.

RESPECTFULLY SUBMITTED.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

*[signature]*
**TIMOTHY HENWOOD**
Assistant United States Attorney
Deputy Chief, White Collar Unit
Dated: 2-24-14

*[signature]*
**JOSÉ RUÍZ-SANTIAGO**
Assistant United States Attorney
Chief, Criminal Division
Dated: 2/24/14

*[signature]*
**ELBA GORBEA**
Assistant United States Attorney
White Collar Unit
Dated: 2/04/2014

*[signature]*
**RUBEN MORALES-OLIVERO**
Counsel for the Defendant
Dated: 2/26/14

*[signature]*
**PEDRO LUIS BAEZ-TORRES**
Defendant
Dated: 2/26/14

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 2/26/14

**PEDRO LUIS BAEZ-TORRES**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 2/26/14

**RUBÉN MORALES-OLIVERO**
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 18, United States Code, Section 2251(a).

If this matter had proceeded to trial, the United States would have presented evidence which would have proven beyond a reasonable doubt the following:

On or about April 23, 2013, Homeland Security Investigations (HSI) Agents received information from the Puerto Rico Police Department that a twenty five (25) year old adult male identified as Pedro Luis Baez-Torres, who at the time was working as a Security Guard at the Gerardo Sellez-Sola School in Cayey, Puerto Rico, was requesting sexually explicit images from a fourteen (14) year old female minor who is a student at that same school. As part of the investigation, HSI Agents proceeded to interview the fourteen (14) year old female minor, identified as "JANE DOE."

JANE DOE stated that in or about on April 2013, Baez-Torres contacted a fifteen (15) year old male minor, who is a classmate of JANE DOE, and requested JANE DOE's "KIK" nickname in order to communicate with her. "KIK" is a smartphone application which utilizes the internet to send instant messages, images and videos. JANE DOE complied and gave the male minor her "KIK" nickname in order to give it to Baez-Torres.

Approximately during that same period of time, BAEZ-Torres began to have conversations with JANE DOE via "KIK," and told JANE DOE how pretty she was and that he liked her. During one of their initial conversations, Baez-Torres asked JANE DOE how old she was and JANE DOE stated that she was fourteen (14) years old.

Also, Baez-Torres asked JANE DOE for images of herself, in order to keep them as a keepsake. JANE DOE complied and sent him several images of her, fully clothed. Baez-Torres then began to request images of JANE DOE in underwear to which JANE DOE complied. Then, Baez-Torres began to request sexually explicit images from JANE DOE. JANE DOE stated that, on one occasion, Baez-Torres asked her to raise her legs, then spread her legs apart, and to take a photograph displaying her vagina in that pose. On another instance, Baez-Torres asked her to get on her hands and knees, and to take a picture of her vagina area.

During in or about May 2013 and July 2013, JANE DOE sent BAEZ-Torres over thirty (30) images of herself nude and in various sexually explicit poses as per Baez-Torres' request. JANE DOE further stated that she sent Baez-Torres all the above referenced images via "KIK."

On or about August 10, 2013, Baez-Torres sent JANE DOE three (3) videos of himself completely nude masturbating, via Tango, which is another internet application. After Baez-Torres sent the above referenced videos, he contacted JANE DOE, via "KIK," to let her know that he had sent her some videos. Thereafter, Baez-Torres requested that JANE DOE send him videos of herself masturbating. JANE DOE complied and sent BAEZ-Torres four (4) videos of herself masturbating.

On August 26, 2013, a Federal Search Warrant was issued into Baez-Torres' residence and the defendant's Samsung cellular phone was seized. Forensic examination on the cellular phone revealed approximately one hundred and twenty two (122) images depicting JANE DOE posing nude in a sexually explicit manner and exposing her genitals.

Defendant Pedro Luis Baez-Torres admits that from in or about April 2013 through in or about August 2013, the exact date of which is unknown, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Pedro Luis Baez-Torres, the defendant herein, did employ, use, persuade,

induce, entice and coerce an approximately fourteen (14) year-old female minor, identified as Jane Doe, to engage in sexually explicit conduct, namely the lascivious exhibition of the breast and genital areas, for the purpose of producing a visual depiction of such conduct, that is, images, using a Samsung cellular phone, model SGH-T999 and bearing serial number R21CC459Y2Z, manufactured in China, which had been mailed, shipped, and transported in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 2251(a).

At trial, the United States would have proven beyond a reasonable doubt that defendant Baez-Torres is guilty as charged in Count One of the Indictment by presenting physical and documentary evidence, child pornography videos and images, testimony of a forensic investigator as well as the testimony of federal and state law enforcement agents, among others.

Full discovery has been provided in this case.

_____
**ELBA GORBEA**
Assistant United States Attorney
Dated: 2/24/2014

_____
**RUBEN MORALES-OLIVERO**
Counsel for Defendant
Dated: 2/26/14

_____
**PEDRO LUIS BAEZ-TORRESS**
Defendant
Dated: 2/26/14