AO 245B   (Rev. 09/11) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT
District of Puerto Rico

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| **PEDRO BAEZ-TORRES** | ) | Case Number: **3:13-CR-0702 (CCC)** |
| | ) | USM Number: **42765-069** |
| | ) | Ruben Morales, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of the Indictment on March 31, 2014

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:2251(a) | Production of Child Pornography | August 2013 | ONE |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  two (2)   ☑ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 11, 2014
Date of Imposition of Judgment

S/Carmen Consuelo Cerezo
Signature of Judge

Carmen Consuelo Cerezo            US District Judge
Name of Judge                      Title of Judge

September 11, 2014
Date

AO 245B	(Rev. 09/11) Judgment in Criminal Case
	Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: PEDRO BAEZ-TORRES
CASE NUMBER: 3:13-CR-0702 (CCC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**ONE HUNDRED AND EIGHTY (180) MONTHS**

☑ The court makes the following recommendations to the Bureau of Prisons:

That defendant serve his term of imprisonment in Marianna or Coleman, Fl and that he participate in an alcohol treatment program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____  ☐ a.m.  ☐ p.m.  on _____.

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

DEFENDANT: PEDRO BAEZ-TORRES
CASE NUMBER: 3:13-CR-0702 (CCC)

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**TEN (10) YEARS.**

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

|  | Judgment—Page 3A of 6 |
|---|---|

DEFENDANT:  PEDRO BAEZ-TORRES
CASE NUMBER:  3:13-CR-0702 (CCC)

## SUPERVISED RELEASE CONDITIONS

1. The defendant shall provide the U.S. Probation Officer access to any financial information upon request, and shall produce evidence to the U.S. Probation Officer to the effect that income tax returns have been duly filed within his place of residence as required by law.

2. The defendant shall undergo a sex-offense-specific evaluation and/or shall participate in a sex offender treatment/and or mental health treatment program arranged by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to testing; such as polygraph, penile plethysmograph (PPG), Abel Assessments, visual reaction testing or any other testing available at the time of his release. The defendant shall waive his right of confidentiality in any records for mental health assessment and treatment, and shall sign any necessary release form required to obtain the records, imposed as a consequence of this judgment to allow the probation officer to review the defendant's course of treatment and progress with the treatment provider. The defendant will be required to contribute to the costs of services rendered, by means of co-payment, based on his ability to pay or availability of third-party payment. The defendant shall be required to submit to an initial polygraph examination and subsequent maintenance testing intervals to be determined by the probation office to assist in treatment planning and case monitoring and as a means to ensure that he is in compliance with the requirements of his supervision or treatment program.

3. The defendant shall cooperate with child support enforcement authorities and/or pay child support.

4. The defendant shall not participate in any volunteer activity or be involved in any children's or youth organization or any group that would bring him into close contact with a child or children under the age of 18, unless he obtains prior approval of the U.S. Probation Officer.

5. The defendant shall not reside, be in the company, date or socialize with a child or children below the ages of 18, unless previously approved by the U.S. Probation Officer and after a third party risk has been duly signed.

6. The defendant shall not enter, loiter or work within one hundred (100) feet of any area or any event frequented by persons under the age of 18 including, but not limited to: schools, day care centers, playgrounds, arcades, public swimming pools or beaches, unless approved in advance by the U.S. Probation Officer.

7. The defendant shall have no personal contact with the victim and/or with minors under the age of 18, through mail, letters, telephone, communications, audio or visual, computer, electronic devices, visits, social networking sites, or thru third parties, unless approved in advanced by the U.S. Probation Officer. The only exception to this condition relies on the incidental contact in normal commercial life with minors.

8. The defendant will not have unsupervised contact (through personal/mail/telephone/computer or electronic device) with his related victim or any other related or non-related child below the ages of 18 unless determined to be appropriate by the treatment provider and by the U.S. Probation Officer.

9. The defendant shall maintain a suitable residence, approved by the U.S. Probation Officer, which complies with all of the conditions of supervision, and with the residency and movement restrictions of the jurisdiction(s) where the defendant resides, works, goes to school or is allowed to visit. Defendant shall obtain prior approval from the U.S. Probation Officer prior to changing residences. The defendant shall stay at his approved residence every night and will not sleep or stay overnight anywhere else without prior approval from the U.S. Probation Officer.

10. The defendant shall not view, use, possess, purchase, distribute and/or subscribe to any form of pornography, erotica or sexually stimulating visual or auditory material, electronic media, computer programs or services including but not limited to videos, movies, pictures, magazines, literature, books, or other products depicting images of nude adults or of minors in a sexually explicit manner. The defendant shall not enter any location where pornography, erotica or sexually stimulating visual or auditory material can be accessed, obtained or viewed, including adult pornography shops, strip and/or topless clubs, massage parlors, or any business where the primary function is to provide pornography or sexual services. The defendant shall refrain from accessing any material that relates to the activity in which the defendant was engaged in committing the instant offense, namely, child pornography.

11. The defendant shall participate in vocational training and/or a job placement program recommended by the U.S. Probation Officer.

12. The defendant shall not associate with individuals with whom he has previously traded illicit material; a family member or friend under criminal justice supervision for a sex crime; or an identified past victim, unless in a therapeutic setting and with the prior approval of the U.S. Probation Officer. Furthermore, the defendant shall not be a member of any organization that promotes sexual contact between children and adults or any type of depiction thereof.

DEFENDANT: PEDRO BAEZ-TORRES  
CASE NUMBER: 3:13-CR-0702 (CCC)

Judgment—Page 4 of 6

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

13. The defendant shall not engage in a specified occupation, business, or profession bearing a reasonable direct relationship to the conduct constituting the offense. Specifically, the defendant shall not work with children under the age of 18, or hold a job that gives him authority over potential victims, gives him access to vulnerable populations or places him in setting near a school or playground. Any employment must be approved in advance by the Probation Officer, who will make an assessment of the job placement and shall set employment restrictions based on the Sex Offender Management Procedures Manual. The defendant shall consent to third party disclosure any employer or potential employer.

14. The defendant shall not have access to the Internet at his place of residence, unless approved by the U.S. Probation Officer.

15. The defendant shall not possess or use a computer, cellular telephone, or any other device with internet accessing capability, at any time and/or place without prior approval from the probation officer. This includes access through an internet service provider, bulletin board service, email system, or any public or private computer network system. The defendant shall permit routine inspections of his computer system or any other computer system maintained in his possession to including hard drive and any media storage materials, in order to confirm adherence to this condition. The inspection shall be no more intrusive than is necessary to ensure compliance with third party risk, who may be impacted by this condition.

16. The defendant shall consent to the installation of systems that will enable the probation officer or designee to monitor and filter computer use, on a regular or random basis, on any computer owned or controlled by the defendant. The defendant shall consent to and cooperate with unannounced examinations or any computer equipment owned or controlled by the defendant, which may result in retrieval and copying of all data from the computer(s) and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. In addition, the defendant shall provide his supervising officer with all of his computer pseudonyms, passwords, and logons.

17. The defendant shall submit his person, property, house, vehicle, papers, computers (as defined in Title 18, U.S.C. §1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of defendant's release. The defendant shall warn any other residents or occupants that the premises may be subject to searches pursuant to this condition

18. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. Sec. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, U.S. Territory or Indian Tribe, sex offender registration agency in which he resides, works, is a student, carries on a vacation, or was convicted of a qualifying offense.

19. The defendant shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Section 3563(a)(9).

20. If the defendant possesses a cellular telephone, the same shall be restricted to incoming/outgoing calls and voice messaging system. No additional features shall be allowed without prior approval from the probation officer.

21. The defendant shall not purchase, possess, use, or administer any alcohol or frequent any businesses whose primary function is to serve alcoholic beverages.

22. Pursuant to 18 U.S.C. § 3663A, the Court enters an Order of restitution for defendant to pay the minor victim the cost of her transportation to and from her psychotherapy treatment, at a rate of $10 per month, and the food expenses related to her attendance to said sessions, at a rate of $6.50 per month, for the 13 months she received treatment, for a total amount of $214.50.

DEFENDANT: PEDRO BAEZ-TORRES
CASE NUMBER: 3:13-CR-0702 (CCC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 214.50 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Minor Victim- USPO to provide name and address |  | $214.50 |  |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 214.50 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page **6** of **6**

DEFENDANT: PEDRO BAEZ-TORRES
CASE NUMBER: 3:13-CR-0702 (CCC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

     The defendant shall forfeit to the United States of America any and all materials or property used or intended to be used in accessing the child pornography material with intent to view, including but not limited to a Samsung cellular phone; model SGH-T999 and bearing serial number R21CC459Y2Z, manufactured in China, which was found in the defendant's possession on or about August 26, 2013.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.