IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

United States of America,      )
    Plaintiff/Respondent,    )
                                   )  July 6, 2020
                                   )
v.                               )  Case No. 3:13-CR-0702(CCC)
                                   )
                                   )  Motion for
Pedro Baez Torres,              )  Appointment of Counsel
    Defendant/Petitioner.       )

## MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, Pedro Baez Torres, (the "Petitioner") respectfully files, in this Honorable Court, his Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e).

The Petitioner in this matter intends to file a motion, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, for Compassionate Release/Reduction in Sentence. Petitioner's grounds for relief are based upon "extraordinary and compelling reasons" in direct relation to the ongoing worldwide COVID-19 pandemic. COVID-19 is not just present, but rapidly spreading throughout the prison where Petitioner is presently incarcerated, and because the Petitioner suffers from severe chronic illnesses, he is at heightened risk to suffer irreparable harm, or possibly die, if he were to become infected with COVID-19.

FCI Fort Dix Warden, David Ortiz, and prison officials have lost control of COVID-19 at this facility. Over 100 inmates and staff members have tested positive for COVID-19 and 2,500+ inmates have not yet been tested. The government has failed, and is failing in its obligation to keep the people in their custody (at FCI - Fort Dix) safe from harm. Petitioner, by and through this motion, requests the assistance of counsel to help him file the appropriate documents with the Court.

Under 28 U.S.C. § 1915(e), the court may appoint counsel to assist indigent litigants. See e.g. <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 865 F. 2d 22. 23 (2nd Cir. 1988). Federal courts are authorized to appoint counsel when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." <u>Redmon v. Lake County Sheriff's office</u>, 414 Fed. Appx. 221, 226 (11th Cir. 2011).

In support of this Motion Petitioner declares:

1. He is indigent and unable to afford private counsel.

2. He is a layman of the law.

3. The issues involved in this matter are complex.

4. Due to the COVID-19 pandemic the prison, FCI - Fort Dix, is "locked-down" and access to the legal library, law materials, typewriters, and copy machines is either limited or restricted.

5. Fairness and the ends of justice would best be served, in this case, if this motion for appointment of counsel was granted.

6. This is an emergency situation, and denial of this motion may

3.

result in grave health consequences or death--both of which are certainly avoidable.

7. Efforts for relief have been made at the BOP level, however, the warden of Petitioner's facility has failed to act.

## CONCLUSION

For the foregoing reasons, the Petitioner most respectfully requests this Honorable Court, in the interest of fairness, grant this motion and appoint a competent attorney to help him construct and file a Motion for Compassionate Release/Reduction in Sentence.

Respectfully submitted,

*[signature]*

Pedro Baez Torres
Petitioner